IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH HINKES,<br><br>    Plaintiff,<br><br>v.<br><br>SUNERA TECHNOLOGIES, INC., RAVI K. REDDY, and SREENIVASA SETTY,<br><br>    Defendants. | Case No. 19 C 8183<br><br>Hon. LaShonda A. Hunt |

### MEMORANDUM OPINION AND ORDER

Plaintiff Sarah Hinkes filed this employment discrimination lawsuit against her former employer, Sunera Technologies ("Sunera"), and its employees, Ravi K. Reddy ("Reddy") and Sreenivasa Setty ("Setty") (collectively, "Defendants"). After the parties were ordered to arbitrate their dispute, (Dkt. 33), an arbitrator issued an award in favor of Defendants. Thereafter, Defendants moved the Court to confirm the arbitration award, (Dkt. 38), and Plaintiff responded with a cross-motion to vacate the award (Dkt. 44). For the reasons discussed below, Defendants' motion to confirm is granted and Plaintiff's motion to vacate is denied.

### BACKGROUND

In December 2019, Plaintiff sued Defendants alleging discrimination and wrongful termination based on her disability, race, national origin, and gender, that caused her emotional distress. (Compl., Dkt. 1). In her complaint, she acknowledged that their employment agreement required arbitration of all claims arising from her employment; nevertheless, Plaintiff included a claim for declaratory judgment that she was not required to arbitrate due to her lack of financial resources. (*Id.* ¶¶ 69, 72). In response, Defendants filed a motion to compel arbitration and stay the court proceedings. The Court granted the motion, finding that although there may be costs

1

associated with arbitration, Plaintiff failed to show that enforcing the arbitration agreement would effectively foreclose her right to pursue her claims. (Dkt. 33).

The parties submitted Plaintiff's claims to arbitration before Sheldon J. Stark (the "Arbitrator"). After a five-day hearing, the Arbitrator found in favor of Defendants and dismissed each of Plaintiff's claims. (Defs.' Ex. A, Arbitrator's Op. and Award at 20, Dkt. 38-1). As to her disability discrimination claim, the Arbitrator found that while Plaintiff's "medical condition was a factor in the termination decision," she "did not establish that but for the discrimination she would have retained her position." (*Id.* at 16). Additionally, the Arbitrator found that Plaintiff's race, national origin, and gender discrimination claims failed because she did not "demonstrate that she was treated differently and less favorable than similarly situated employees outside of her protected category." (*Id.* at 18-19). Finally, the Arbitrator found that Plaintiff did not "sustain[] her burden of establishing her claim of intentional infliction of emotional distress." (*Id.* at 20).

Defendants now seek to enforce the arbitration award while Plaintiff moves to vacate the award. The motions are fully briefed and ripe for ruling.

## **LEGAL STANDARD**

"Judicial review of arbitration awards is tightly limited. Confirmation is usually routine or summary, and a court will set aside an arbitration award only in very unusual circumstances." *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 522 (7th Cir. 2022) (citation omitted). Specifically, under the Federal Arbitration Act ("FAA"), a federal court may vacate an arbitration award only on one or more of the following grounds:

1. The award was procured by corruption, fraud, or undue means;

2. There was evident partiality or corruption in the arbitrators, or either of them;

2

3. The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4. The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. "A party petitioning a federal court to vacate an arbitration award bears the heavy burden of showing that the award falls within these very narrow circumstances. *Prudential Inv. Mgmt. Servs., LLC. v. Schipper*, No. 22 C 4497, 2024 WL 1254361, at *3 (N.D. Ill. Mar. 25, 2024) (internal quotations omitted). "Beyond these exceptions, the award will be enforced and this is true even if the arbitrator's award contains a serious error of law or fact." *Id.* at *3 (citing *Butler Mfg. Co. v. United Steelworkers of Am., AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003)). Critically, "[o]n procedural and evidentiary matters, federal courts defer to arbitrators' decisions so long as those decisions are reasonable." *Bartlit Beck*, 25 F.4th at 522.

## DISCUSSION

Defendants contend that the Arbitrator's well-reasoned decision dismissing all claims should be confirmed and a judgment entered in their favor. Conversely, Plaintiff argues that the award should be set aside because the Arbitrator engaged in misconduct and exceeded his powers. She claims that "[w]itness and evidentiary issues were rife during the arbitration," as the Arbitrator failed to enforce the discovery requirements set forth by the parties' arbitration agreement. (Pl.'s Mot. at 4, Dkt. 44).

Specifically, Plaintiff raises three main evidentiary issues. First, she points to the admission of alleged hearsay testimony from an undisclosed witness, Tara Palmieri, an executive at Oracle America, Inc., one of Sunera's customers. Palmieri did not testify at the hearing. Instead, Paul Williams, another Oracle executive, testified about information Palmieri provided him concerning

3

Plaintiff's allegedly unprofessional behavior at an off-site karaoke event. Still, Plaintiff contends that because Palmieri was not disclosed during discovery, she did not have the opportunity to depose her or cross-examine her regarding the incident. Defendants counter that the Arbitrator properly allowed Williams' testimony because it was not hearsay, as it was not offered for the truth of the matter asserted.

Second, Plaintiff contends that at the hearing the Arbitrator allowed Defendants to use documents that were withheld during discovery, including a document from Plaintiff's Sunera employee portal, a welcome email from a Sunera representative to Plaintiff, and employee credit card expense reports. Plaintiff maintains that Defendants were required to produce such documents pursuant to the parties' arbitration agreement, the Model Employment Arbitration Procedures ("MEAP"), the Michigan Court Rules, and the Arbitrator's scheduling order. In response, Defendants argue that the Arbitrator properly admitted the documents because they were either used to impeach Plaintiff or refresh her recollection or not requested during discovery.

Finally, Plaintiff briefly complains that the Arbitrator allowed other unreliable hearsay testimony into the record. For example, Plaintiff says the Arbitrator admitted double hearsay statements from Reddy about another individual's work performance and information about Plaintiff's work with another employer. Notably, Plaintiff does not make any specific arguments about how the admission amounts to misconduct or an exceeding of powers.

Upon consideration of the arguments and the record, the Court concludes that none of these issues constitutes grounds to set aside the arbitration award.

## Misconduct by Refusing to Hear Evidence

Section 10(a)(3) of the FAA provides, in relevant part, that a judge may set aside an arbitrator's award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence

4

pertinent and material to the controversy." Section 10(a)(3) has been interpreted as requiring an arbitrator to provide a "fundamentally fair hearing." *R & Q Reinsurance Co. v. Am. Motorist Ins. Co.*, No. 10 C 2825, 2010 WL 4052178, at *5 (N.D. Ill. Oct. 14, 2010). "A fundamentally fair hearing requires 'adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator.'" *INTL FCStone Fin., Inc. v. Love*, No. 19 C 1438, 2024 WL 1328838, at *2 (N.D. Ill. Mar. 28, 2024) (citing *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997)). "The unfair hearing standard 'typically is met only when an arbitrator wrongly excludes the sole evidence on a pivotal issue." *Nosbaum v. J.P. Morgan Sec. LLC*, No. 17 C 6202, 2018 WL 3626112, at *4 (N.D. Ill. July 30, 2018).

Here, Plaintiff contends that the Arbitrator excluded the sole evidence on a pivotal issue by depriving Plaintiff of the opportunity to depose Palmieri or call her as a witness. In doing so, Plaintiff ignores the fact that Defendants offered multiple reasons for her termination other than the karaoke incident that were relevant to the dispositive question before the Arbitrator—whether Sunera had a nondiscriminatory reason for terminating Plaintiff.

Plaintiff cites *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997) but her reliance is misplaced. There, the parties arbitrated breach of contract and fraudulent inducement claims. *Id.* at 17. During the arbitration, the defendant intended to call a witness to provide testimony about the negotiations and dealing between the parties; however, the witness became unavailable and no other witness was able to testify regarding that point. *Id.* The arbitration panel issued a decision without the witness' testimony, which it found would be cumulative of other witnesses' testimony. *Id.* at 18. However, the court held that the panel excluded evidence on a "pertinent and material to the controversy," as there was no reasonable basis to determine that the omitted testimony would be cumulative. *Id.* at 20.

5

*Tempo* is easily distinguishable from this case. The Arbitrator here found that there was "ample mounting evidence of just and sufficient cause for termination[,]" including: (1) Plaintiff's delay in moving to Burlington, (2) Plaintiff incurred thousands of dollars in unbudgeted expenses, (3) Plaintiff was unwilling to work in the Chicago office when she was not traveling, (4) sales people and managers at Oracle did not want to work with Plaintiff, (5) Plaintiff failed to complete the Oracle immersion training, and (6) Plaintiff generated zero net revenue. (Defs.' Ex. A, Arbitrator's Op. and Award at 15-16). While Plaintiff describes Palmieri's comment as crucial and the "straw that broke the camel's back," the Arbitrator did not even mention the karaoke incident in the list of non-discriminatory reasons for Plaintiff's termination. Thus, even if Plaintiff had been able to depose Palmieri in advance or call her as a witness at the hearing, such testimony likely would have had no effect on the Arbitrator's decision. Plaintiff has therefore failed to establish that the Arbitrator refused to hear evidence that was "pertinent and material" to the dispute.

Contrary to Plaintiff's contentions, the Court finds that the Arbitrator conducted a fundamentally fair hearing. *See Aperion Care, Inc. v. Senwell Senior Inv. Advisors*, No. 22 C 3120, 2023 WL 1779798, at *4 (N.D. Ill. Feb. 6, 2023) (finding that plaintiff failed to demonstrate how the exclusion of witnesses deprived it of a fundamentally fair hearing); *Urquhart v. Kurlan*, No. 16 C 2301, 2017 WL 781742, at *6 (N.D. Ill. Feb. 28, 2017) (finding that defendant was not deprived of a fundamentally fair hearing based on the exclusion of two witnesses). Plaintiff does not suggest that she did not receive adequate notice of the hearing. Indeed, she attended all five days. And during the hearing both parties had the opportunity to present detailed evidence which is reflected in the Arbitrator's award. Nothing in this record supports a finding that the Arbitrator engaged in any misconduct that warrants vacatur.

**Exceeding Powers by Disregarding Parties' Agreement**

Section 10(a)(4) of the FAA, in relevant part, allows a court to vacate the award "where the arbitrators exceeded their powers." Arbitrations are creatures of contract, so the arbitrator's power is constrained by the parties' agreement. *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023). "With few exceptions, as long as the arbitrator does not exceed this delegated authority, her award will be enforced. This is true even if the arbitrator's award contains a serious error of law or fact." *Id.*; *see also Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award.").

Plaintiff contends that the Arbitrator failed to abide by the terms of the parties' arbitration agreement, which provides that the arbitration shall be conducted in accordance with the MEAP and the Michigan Court Rules (including the Michigan Rules of Evidence) shall apply. Plaintiff relies upon Defendants' introduction of hearsay testimony from Palmieri and documents that were not produced in discovery. Defendants respond that the parties agreed to proceed under the MEAP's "more relaxed rules" rather than the Michigan Rules of Evidence, and therefore the Arbitrator acted well within his contractually conferred powers. Having reviewed the arbitration record, the Court finds that Defendants have the better argument.

On April 5, 2022, the Arbitrator entered a Final Pre-Hearing Order, which indicated that the parties were to consult regarding "whether to follow Michigan Rules of Evidence or the more relaxed rules of the American Arbitration Association." (Defs.' Ex. 4 at 3, Dkt. 46-4). Thereafter, on August 12, 2022, the Arbitrator entered an Amended Final Pre-Hearing Order stating that "the more relaxed rules of the American Arbitration Association [would] be used." (Defs.' Ex. 3 at 3, Dkt. 46-3). Then, on the first day of arbitration, while responding to arguments regarding

7

Defendants' motion in limine, Plaintiff's counsel confirmed her understanding that the "more relaxed" rules of evidence applied. (Defs.' Ex. 5 at 10, Dkt. 46-5). Specifically, Plaintiff's counsel argued that undisclosed expert witnesses should be allowed to testify because "arbitrations are recognized by their nature . . . to be more relaxed than court, and that's supposed to be one of the benefits, is the efficiency of them and streamlining of them." (*Id.*) The record reflects the parties' agreement that the "more relaxed rules" of evidence set forth by the American Arbitration Association would apply. Plaintiff cannot have it both ways and now argue that the Arbitrator violated the agreement by not applying the Michigan Rules of Evidence.

As to the applicable rules of evidence—the MEAP Rules—Rule 30 provides that "[t]he parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. . . . The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary." In other words, those rules afforded the arbitrator the discretion to determine whether to allow certain hearsay testimony and undisclosed documents. As such, the exercise of such discretion does not necessarily amount to a violation of the parties' agreement. More importantly, Plaintiff has not demonstrated that the Arbitrator's decisions to admit such evidence were unreasonable and thus the Arbitrator exceeded his powers. *See Bartlit Beck*, 25 F.4th at 522.

In sum, "[t]he FAA provides that, upon proper application of a petition to confirm an arbitration award, a federal court 'must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *ARCH Dev. Corp. v. Biomet, Inc.*, No. 02 C 9013, 2003 WL 21697742, at *3 (N.D. Ill. July 30, 2003) (quoting 9 U.S.C. § 9). As discussed *supra*, the Court finds no basis to vacate the award.

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion to confirm the arbitration award is granted and Plaintiff's motion to vacate is denied. The Court hereby converts the arbitration award into a final judgment in favor of Defendants.

**DATED**: January 21, 2025　　　　　　　　　　**ENTERED**:

　　　　　　　　　　　　　　　　　　　　　　*LaShonda A. Hunt*
　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　LASHONDA A. HUNT
　　　　　　　　　　　　　　　　　　　　　　United States District Judge